# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL BANCHS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-52-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Banchs appeals his conviction for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Relying on *National Federation of Independent Business v. Sebelius,* 132 S. Ct. 2566 (2012) (*National Federation*), he contends that § 922(g)(1) exceeds Congress's power under the Commerce Clause. He argues that § 922(g)(1) is unconstitutional as applied because his factual resume did not state that his possession of the firearm was an economic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11010

activity and failed to reflect that he was engaged in the relevant market at the time of the regulated conduct.  Further, he contends that § 922(g)(1) is facially unconstitutional because *National Federation* interpreted the Commerce Clause to mandate that "Congress may regulate only ongoing economic activity," and his possession of a firearm purchased many years ago does not qualify.  However, he concedes that his arguments are foreclosed by our decision in *United States v. Alcantar,* 733 F.3d 143, 145 (5th Cir. 2013), *cert. denied*, 188 L. Ed. 2d 579 (2014).  The Government moves for summary affirmance, or in the alternative, for an extension of time to file an appellee's brief.

Whether our review is de novo or for plain error, Banchs's challenge to the constitutionality of § 922(g)(1) is foreclosed.  *See Alcantar*, 733 F.3d at 146 & n.4.  Therefore, we GRANT the Government's motion for summary affirmance, DENY its alternative motion for an extension of time to file an appellee's brief, and AFFIRM Banchs's conviction.